TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619
Phone: 609-890-1500
Attorneys for Trustee
BARRY W. FROST, ESQUIRE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re:** | : |
| | : |
| **Michael R. Dippel,** | : Chapter 7 |
| | : |
| Debtor | : Case No. 12-39556-RTL |
| | : |
| **Barry W. Frost, Chapter 7 Trustee** | : Adversary No.: |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| **Michael R. Dippel** | : |
| | : |
| Defendant | : |

**COMPLAINT OBJECTING TO DISCHARGE**

Barry W. Frost, Chapter 7 Trustee, with offices at 691 State Highway 33, Trenton, New Jersey by way of complaint says that:

1. The plaintiff is the duly qualified and acting Chapter 7 Trustee.

2. The defendant is the Chapter 7 debtor having filed a petition on December 21, 2012.

3. By Consent Order entered March 25, 2013 the Court extended the time for the Trustee to file objections to discharge until May 24, 2013.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

5. This is a core proceeding as defined in 28 U.S.C. §157.

6. Through the investigation by the Trustee, the Trustee requested that the debtor provide documentation regarding receipt of funds from the sale of assets.

7. The Trustee in reviewing those records found that the debtor loaned money which were loans not disclosed in the Bankruptcy Petition.

8. The debtor is presently in the midst of a matrimonial action and there are allegations in the matrimonial action that there are various assets that were either sold and the proceeds not accounted for or for which the debtor holds title and has not accounted for those items.

9. In the Statement of Financial Affairs, the debtor indicates that there were two transfers, one on an unknown date and the second in November 2012.

10. It is unlikely that the debtor sold for $12,800 a backhoe to a stranger and the debtor has failed to properly account both for the sale, the proceeds of same and the value of the backhoe at the time of the transaction.

11. From the information contained in the bank account records of the debtor, the debtor made loans which were not disclosed as assets on the bankruptcy schedules.

12. From the information the Trustee has been able to obtain it appears that the debtor is either the owner of assets or has sold assets and failed to disclose the sale including not but limited to dirt bikes, a Honda four wheeler, a lawn mower, an arcade game and a flat screen television.

13. The debtor has concealed and failed to keep or preserve recorded information so as to deny the debtor a discharge pursuant to 11 U.S.C.§727(a)(3).

14. The debtor knowingly and fraudulently filed schedules without disclosing assets and as such is not entitled to a discharge pursuant to 11 U.S.C.§727(a)(4).

15. The debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities and therefore in not entitled to a discharge pursuant to 11 U.S.C.§727(a)(5).

WHEREFORE, plaintiff demands judgment against the defendant denying the defendant a discharge pursuant to 11 U.S.C. §727(a)(3), 11 U.S.C.§727(a)(4) and/or 11 U.S.C.§727(a)(5)  and such other and further relief as the Court may deem just and equitable.

TEICH GROH
Attorneys for Plaintiff

By:  /s/ Barry W. Frost
_____
BARRY W. FROST

Dated: 5.22.2013