# *LAW FIRM OF BRIAN W. HOFMEISTER, LLC*

691 State Highway 33
Trenton, New Jersey 08619
Phone - (609) 890-1500
Fax - (609) 890-6961
bwh@hofmeisterfirm.com

February 16, 2015

Honorable Christine M. Gravelle
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

    Re:    Michael Dippel
             Chapter 7, Case No. 12-39556-CMG

             Barry W. Frost, Chapter 7 Trustee v. Michael Dippel
             Adv. Pro. No. 13-1511-CMG

             Motion to Reopen and Vacate Default Judgment in the Adversary Case
             Return Date: March 3, 2015

Dear Judge Gravelle:

      As counsel for Barry W. Frost, Chapter 7 Trustee ("Trustee") for the Debtor Estate of Michael Dippel ("Debtor"), please accept this letter brief in Opposition to the Debtor's Motion to Reopen and Vacate Default Judgment in the Adversary Case ("Debtor's Motion"). As will be discussed below, the Debtor's Motion fails to establish both a legal or factual basis for the relief sought.

      Pursuant to F.R.B.P. 7055 and F.R.C.P. 60(b), a party may be relieved from a final judgment upon a showing of (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) that the judgment is void, (5) that the judgment has been satisfied, or (6) any other reason justifying relief. Further, a motion under Rule 60(b) must be made within a "reasonable time" and for reasons under Rule 60(b) (1), (2) or (3) no more than one year after the entry of the judgment.

      Here, the default judgment was entered against the Debtor on August 13, 2013, approximately one and one half years ago. Therefore, the Debtor must demonstrate a justifiable reason to vacate the judgment

under Rule 60(b)(6).

The only basis asserted by the Debtor for vacating the judgment after one and one half years later is than he believes that he has a valid defense to the Complaint. The Debtor fails to provide any factual support for the relief sought. The Trustee's Complaint (Document No. 1) sets forth the fact that the Debtor failed to provide documentation regarding the Debtor's receipt of funds from the sale of assets and that the Debtor failed to disclose loans made by the Debtor in his petition. The Complaint further sets forth the fact that the Debtor failed to account for various assets that were either sold or the proceeds not accounted for or for which the Debtor holds title and has not accounted for those items. The Debtor concealed and failed to keep or preserve records and the Debtor knowingly and fraudulently filed schedules without disclosing assets and as such is not entitled to a discharge under 11 U.S.C. §727(a) (3) (4) and (5).

The Debtor's Motion fails to address any of the allegations in the Trustee's Complaint justifying relief from the judgment under Rule 60(b)(6). The mere recital that "I do believe I have a valid defense" does not provide justification to vacate a judgment one and one half years after entry.

Accordingly, it is respectfully requested that the Debtor's Motion be denied.

    Respectfully submitted,

    LAW FIRM OF BRIAN W. HOFMEISTER, LLC
    Attorneys for Barry W. Frost, Chapter 7 Trustee


By:   /s/Brian W. Hofmeister
    Brian W. Hofmeister


BWH/aw
cc:   Joan Sirkis Lavery, Esq.
    United States Trustee